UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JUSTIN DUBIEL                                              Plaintiff

v.                            Civil Action No. 3:18-cv-P837-RGJ

CORRECT CARE SOLUTIONS, *et al.*                     Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Justin Dubiel filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the amended complaint[1] pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Luther Luckett Correctional Complex (LLCC). He sues Correct Care Solutions and the Kentucky Department of Corrections (KDOC). He also sues following Defendants, identifying them as employed at LLCC: Dawn Patterson, identified as an "RN, HSA/Clinical Director"; Rick Richards, an ARNP; Jeff Ingram, an APRN; Denise Burkett, an APRN/Clinical Director; Tania Pineiroa, a Regional Manager; Aimee Mihalyou, an APRN; and Christy Jolly, an Administrative Specialist. He sues each of the individually named Defendants in their individual and official capacities.

Plaintiff states that he has "untreated H.C.V." which he maintains "can cause liver inflammation[,] impaired liver function, scarring of the liver, liver cirrhosis, liver cancer, and a torturous death as my body slowly poisons itself which is cruel and unusual punishment." He

---
[1] By prior Order (DN 7), the Court ordered Plaintiff to file an amended complaint on the Court-approved § 1983 form and instructed him that the amended complaint would supersede the original complaint.

states that all Defendants have denied him treatment to cure his HCV "causing him to continually suffer mentally and physically." He states that he was diagnosed with HCV in July 2015 by Defendant Ingram who told him that he "had no worries" and that he was going "to monitor me every 6 months per Ky doc H.C.V. algorithm." Plaintiff reports that every 6 months he had his blood drawn. He states that "almost every time I was seen by Mr. Ingram I asked him about getting the cure for my H.C.V. but was denied."

Plaintiff further asserts that in January 2017 he was seen by Defendant Mihalyou and asked her if he could get the cure for HCV and "was told no but what she is going to do is have me monitored every 3 months instead of every 6 months." Plaintiff states that he was next seen by Defendant Richards in April 2017 and asked him if he could get the cure for HCV. Plaintiff maintains that Defendant Richards told him that he does not "qualify for the treatment of H.C.V. according to D.O.C. . . . Protocol or standards." He further asserts that he was seen by Defendant Richards about every three months and asked him to receive the cure each time and was denied.

Plaintiff reports that he filed a grievance against "Correct Care Solutions and staff" on May 1, 2018. He states that the following week he was called to medical and "questioned" by Defendant Patterson. He asserts that he asked for treatment to cure his HCV and she "denied my request and spoke of protocols." Plaintiff maintains that he asked for a copy of the HCV protocols and that Defendant Patterson told him to write the Health Department for a copy. After Plaintiff's grievance was denied, he appealed the denial, which was reviewed by Defendants Pineiroa, Jolly, and Burkett, "who denied me the cure for my H.C.V. by concuring with the Health Care grievance committee Dawn Patterson." Plaintiff reports that he filed another appeal which was also denied by Defendants Pineiroa and Jolly.

2

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "direct-acting antiviral drug cure for hep. C."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekaran v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

### A. KDOC

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. 42 U.S.C. § 1983. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Therefore, Plaintiff's claims against the KDOC will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Official-capacity claims

Plaintiff identifies each of the individually-named Defendants as employees of LLCC and therefore of KDOC.[2] With regard to the claims against them in their official capacities,

---

[2] To the extent that any Defendant is actually an employee of Correct Care Solutions, the official-capacity claims against the individually-named Defendant would be construed as brought against Correct Care Solutions. As discussed herein, the Court will allow Plaintiff's claims against Correct Care Solutions to proceed past initial review.

"[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims against Defendants Patterson, Richards, Ingram, Burkett, Pineiroa, Mihalyou, and Jolly for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### C. Claims concerning grievance handling

Plaintiff's only allegations against Defendants Pineiroa, Jolly, and Burkett concern the handling of his grievances. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir.

2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same).

Therefore, Plaintiff's claims against Defendants Pineiroa, Jolly, and Burkett must be dismissed for failure to state a claim upon which relief may be granted.

### D. Deliberate indifference claims

Upon review, the Court will allow Plaintiff's Eighth Amendment claims of deliberate indifference to his serious medical needs to proceed against Defendants Correct Care Solutions and against Patterson, Richards, Ingram, and Mihalyou in their individual capacities for all relief and in their official capacities for injunctive relief only.

### IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against the KDOC; the official-capacity claims for monetary damages; and the individual-capacity claims against Defendants Pineiroa, Jolly, and Burkett are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking relief from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED to terminate Defendants Pineiroa, Jolly, and Burkett** as a Defendants to this action because all claims against them have been dismissed.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date:

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A961.010