UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JUSTIN DUBIEL                                                    Plaintiff

v.                                                           Civil Action No. 3:18-cv-837-RGJ

CORRECT CARE SOLUTIONS, *ET AL.*                                 Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Response to Defendants' Motion to Dismiss (the "Motion") [DE 43].[1] Briefing is complete. [DE 44]. The matter is ripe. For the reasons below, the Court **DISMISSES WITHOUT PREJUDICE** all of Plaintiff's claims against Defendants.

### I.     BACKGROUND

Plaintiff is an inmate at Luther Luckett Correctional Complex (LLCC). [DE 8 at 41]. While incarcerated at LLCC, Plaintiff was diagnosed with the Hepatitis C virus ("HCV"). *Id.* at 45. Plaintiff's suit centers on the refusal of CCS and its employees to give him the "cure" for HCV. *Id.* Acting *pro se*, Plaintiff filed a Complaint in December, 2018 [DE 1], and an Amended Complaint in January, 2019, [DE 8].

After its 28 U.S.C. § 1915A review, the Court allowed "Plaintiff's Eighth Amendment claims of deliberate indifference to his serious medical needs to proceed against Defendants Correct Care Solutions and against Patterson, Richards, Ingram, and Mihalyou in their individual capacities for all relief and in their official capacities for injunctive relief only." [DE 9 at 73].

---

[1] Although styled as a Response to Defendants' Motion to Dismiss, the Motion is essentially one for a voluntary dismissal of claims under FRCP 41(a)(2). Therefore, the Court, in dismissing the claims without prejudice, will do so under FRCP 41(a)(2) instead of FRCP 12(b)(6).

Plaintiff seeks $200,000 in monetary damages, $2,000,000 in punitive damages, and injunctive relief of the "direct-acting antiviral drug cure for hep. (sic) C." [DE 8 at 48].

In May 2019, Defendants filed the Motion to Dismiss. [DE 15].

In July 2019, Greg Belzley ("Belzley"), class counsel in *Woodcock v. Correct Care Sols., LLC,*, 3:16-CV-00096-GFVT (the "Class Action"), contacted Defendants about transferring Plaintiff's case from this Court to Judge Van Tatenhove's court in the Eastern District of Kentucky. [DE 29-1 at 164]. In *Woodcock*, Judge Van Tatenhove certified a class of "all inmates in Kentucky prisons who have been diagnosed, or will be diagnosed, with chronic hepatitis C virus (HCV) for purpose of injunctive relief." [DE 26 at 123]. Belzley asserts that Plaintiff is a member of the certified class. *Id.* ("This class definition obviously embraces Plaintiff and his own claims for injunctive relief against CCS").

In September 2019, Defendants confirmed with Belzley that they would not agree to transfer the case to the Eastern District of Kentucky. [DE 29-3 at 169]. Belzley then entered his appearance here [DE 25] and filed the Motion for Transfer [DE 26]. Defendants responded [DE 29] and Plaintiff replied [DE 35].

Plaintiff filed a *pro se* response [DE 28] objecting to the Motion to Dismiss. Plaintiff also asserted that he was receiving treatment for HCV. *Id.* at 154 ("Plaintiff states his (sic) is enlisted to Medical Treatment for a chronic disorder in which defendants refused to give him. Plaintiff asks this Court to consider the fact that now Plaintiff is receiving treatment for his condition and the only thing that has changed is he filed this action. Now for some reason, the Defendants treat him"). Defendants replied [DE 30].

Defendants moved for summary judgment [DE 31]. Rather than a substantive response, Plaintiff filed the Motion to Defer Consideration [DE 37]. Defendants responded [DE 38], and Plaintiff replied [DE 39].

The Court granted Plaintiff's counsel leave to respond to the Motion to Dismiss, denied the Motion to Transfer, administratively remanded the motion for summary judgment, and denied as moot the Motion to Defer Consideration. [DE 42].

Plaintiff's counsel timely filed a Response to the Motion to Dismiss. That said, rather than argue against the Motion to Dismiss, Plaintiff moved to dismiss voluntarily all his claims without prejudice. [DE 43 at 632 ("Plaintiff having obtained the treatment this action sought, and not having experienced to date any signs of injury that would warrant further prosecution of this action at this time, Plaintiff has no objection to the dismissal of his claims against not only the individual Defendants, but against their employer, Correct Care Solutions, Inc., without prejudice")]. In their Reply, Defendants agreed to the dismissal, but moved the Court to do so with prejudice. [DE 44 at 638]. Plaintiff also moves the Court to order "that the parties bear their own costs."[2] [DE 43 at 632].

## II. DISCUSSION

Under Federal Rule of Civil Procedure 41(a)(2), the default is that voluntarily dismissed claims should be dismissed without prejudice. Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice"). Yet the court should dismiss a plaintiff's claims with prejudice if the defendant would "suffer 'plain legal prejudice' . . . as

---

[2] Defendant does not address costs in their Reply. Because they are silent on the issue and because granting costs is the exception, not the rule, the Court orders that each party shall bear their own costs. *See Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) ("The principal exception to [the rule that each party bears their own costs] is a district court's inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons'") (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975).

3

opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In determining whether a defendant would suffer plain legal prejudice, a court should consider a variety of factors, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

First, although this case has been pending for over a year, Defendants only actively litigated it for eight months. Moreover, some of the litigation may have been unnecessary. For example, Defendants moved for Summary Judgment before the Court ruled on their Motion to Dismiss. Because the Defendants moved to dismiss in good faith, the Court could have granted it and dismissed Plaintiff's claims. Although the filing of a summary judgment motion usually supports granting the dismissal with prejudice, here it does not. Defendants have also not provided the Court with any information about their litigation expenses.

Second, Plaintiff, who until October 2019 represented himself *pro se*, did not demonstrate a lack of diligence. Someone as inexperienced and uninformed as Plaintiff cannot be said to be the cause of "excessive delay." In fact, as recently as December 2019, Plaintiff indicated that he did not know what was going on with his case. [DE 40 ("I haven't heard anything back in over a month I would like an update on my case"). Moreover, there can be no "excessive delay" in a case that was actively litigated for less than 8 months.

Third, Plaintiff has offered enough explanation for his motion for voluntary dismissal: he has received the cure he was seeking. Although he requested monetary damages in his Complaint,

4

his true grievance appeared to be that he was not given the cure when he first asked for it. [DE 43 at 631 ("Plaintiff filed this action seeking an order of this Court requiring that his Hepatitis C virus . . . be treated, and an award of damages for any injury he sustained as a result in a delay of such treatment")].

Fourth, as discussed above, the mere fact that Defendants filed a motion for summary judgment does not weigh in their favor.

### III. CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS AS FOLLOWS**:

(1) Pursuant to FRCP 41(a)(2), all of Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

(2) The Court will enter separate judgment.

Copies to:   Counsel of record